946 F.2d 898
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Branden MAHAN, Plaintiff-Appellant,
v.
J.E.N. JEWELS, Defendant-Appellee.
 No. 90-15279.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1991.*
Decided Oct. 17, 1991.
 
 Before SKOPIL, PREGERSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Branden E. Mahan appeals an order of the district court dismissing his complaint for lack of subject matter jurisdiction. We affirm.
 
 
 3
 On September 13, 1989, Mahan filed a complaint, the entire substance of which was:
 
 Complaint
 
 4
 Nature of law suit, 195 Contract Product Liability;
 
 
 5
 Cause of Action, The agency in question did not send my 30,000 diamonds.
 
 Demand; $1400,000
 
 6
 The district court determined that Mahan had "failed to affirmatively allege the basis for this court's jurisdiction as required by Federal Rule of Civil Procedure 8(a)...." Order of Sept. 21, 1989 at 1. Mahan's complaint was dismissed without prejudice, and the district court instructed Mahan that diversity jurisdiction might exist if he were to "allege the citizenship of the parties with sufficient specificity." Id. at 2.
 
 
 7
 Mahan filed an amended complaint in which he alleged that "jurisdiction was establish [sic] when the state lines where [sic] broken using a Federal agency for transfer of mail and money to clients." Amended Complaint at 2. He also included a paragraph that recited section 1983 of Title 42 of the United States Code. The district court stated that Mahan had "failed to amend the complaint with sufficient specificity to cure the jurisdictional defect," Order of Nov. 16, 1989 at 1-2, and dismissed with prejudice, id. at 3.
 
 
 8
 United States district courts are courts of limited jurisdiction.[1] Such courts only have subject matter jurisdiction if the case or controversy before them fits into one of the particular categories of jurisdiction enacted by Congress. Hence, as a threshold matter, Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that pleadings setting forth a claim for relief contain "a short and plain statement of the grounds upon which the court's jurisdiction depends...." Mahan has manifestly failed to do so.
 
 
 9
 Two commonly used bases for district court subject matter jurisdiction are diversity jurisdiction and federal question jurisdiction, and Mahan's amended complaint apparently attempts to establish one or both of these. Mahan, however, has not succeeded in alleging in even the most rudimentary manner the requisite elements of either of these jurisdictional provisions.
 
 
 10
 District court jurisdiction exists when, inter alia, a civil action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). The district court specifically told Mahan to amend his complaint to "allege the citizenship of the parties." Order of Sept. 21, 1989 at 2. Yet the amended complaint still lacked any kind of statement indicating the states of citizenship of the respective parties. This constitutes a fundamental flaw in pleading diversity jurisdiction.
 
 
 11
 District court jurisdiction is also available for civil actions "arising under" the Constitution or federal law. 28 U.S.C. § 1331. While Mahan has recited section 1983 as the last paragraph of his amended complaint, it stands alone, with no introduction, and without any apparent connection to what precedes it in the amended complaint. Mahan has failed to indicate in any manner how this federal law might be related to his cause of action. This falls far short of alleging federal question jurisdiction.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 We review determinations of subject matter jurisdiction de novo. Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990)